**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHIRLEY SYPNIEWSKI, | ) | |
| on behalf of plaintiff and the class | ) | |
| described herein, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 239 |
| | ) | Judge Gettleman |
| vs. | ) | Magistrate Judge Schenkier |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | |
| and LVNV FUNDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S PRELIMINARY MOTION FOR CLASS CERTIFICATION**</u>

Plaintiff respectfully requests that this Court enter an order determining that this

Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against

defendants NCO Financial Systems, Inc. ("NCO") and LVNV Funding LLC ("LVNV").

Plaintiff defines the class as (a) all individuals (b) against whom legal proceedings were filed in

Illinois, and which was filed (c) on or after a date one year prior to the filing of this action, and

on or before a date 20 days after the filing of this action, (d) an affidavit executed by an

employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing

Solutions) (e) which did not state as part of its text that the person was employed by NCO.

Plaintiff defines the subclass as (a) all individuals (b) against whom legal

proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or

after a date one year prior to the filing of this action, and on or before a date 20 days after the

filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc.

(including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text

1

that the person was employed by NCO.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

## NATURE OF THE CASE

1.     The FDCPA flatly prohibits debt collectors from operating under false names or concealing their company identification.  15 U.S.C. §1692e(14) prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization...."

2.     Defendant NCO systematically violates this requirement when operating its "Attorney Network Services."  NCO Financial Systems, Inc. describes its business activities on its Web site as follows (Exhibit A):

> NCO offers litigation services through its Attorney Network Services™. NCO Attorney Network Services designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results.
>
> We meet the needs of creditors large and small, whether their requirements call for the implementation of a pre-litigation collection campaign for selected accounts or for a nationwide bankruptcy recovey program.  We improve our clients' bottom line through customization, working closely wth them to identify and implement solutions that yield quality results.
>
> NCO Attorney Network Services consist of the following:
>
> - Pre-litigation Collections
> - Attorney Network Collections (Litigation)
> - Bankruptcy Recovery Programs
> - Reaffirmation Invitation Programs
> - Non-Dischargeable Debt Programs

2

- Nationwide Motions Filing
- Nationwide Replevin Filing
- Probate Accounts
- Suit Scoring
- Arbitration Services
- NCOeRecoverEase™

3.    NCO  prepares affidavits for filing in each collection lawsuit, most of which end in default judgments.  Exhibit B is an affidavit filed in a collection lawsuit filed against plaintiff.  The affidavit is a form affidavit regularly filed in collection actions brought in the name of LVNV Funding LLC in Illinois.  Exhibit C contains five other similar affidavits signed by the same NCO affiant in other Illinois collection actions filed by LVNV.

4.    When it prepares affidavits, NCO has one of its own employees act as the affiant.

5.    The affidavit states that the affiant is the "agent" of the company bringing the lawsuit – LVNV – and do not disclose that the affiant is actually employed by NCO.

6.    The affiant also purports to testify as to the facts relating to the debt.

7.    By describing the affiant as an "agent" of the company bringing the lawsuit, without identification of the company for which the affiant works, the affidavits conceal the identity of the business preparing the document, NCO, and appear to come from LVNV. This amounts to the use by NCO of a business, company, or organization name ("LVNV Funding LLC") other than the true name of the debt collector's business.

8.    An employee of a third party debt collector such as NCO obviously cannot authenticate LVNV records or testify about transactions between the consumer and LVNV. Indeed, it is apparent that the reason they do not disclose that the affiant is an employee of NCO is that disclosure would lead the reader to question how such testimony could be given.

3

## CLASS CERTIFICATION REQUIREMENTS

9.     All requirements of Rules 23(a) and (b)(3)  of the Federal Rules of Civil Procedure have been met.

10.     It is reasonable to infer that the number of Illinois class members exceeds the 20-40 required for numerosity from the following facts:

    a.     The affidavit is a form.

    b.     NCO states on its Web site that its "Attorney Network Services" division "designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results" (Exhibit A).

    c.     Exhibit C contains five other similar affidavits, signed by the same NCO affiant in other Illinois collection actions filed by LVNV.  These affidavits are only a sampling of the affidavits filed on or around the same date as the suit filed against Plaintiff by the law firm of Blitt and Gaines, P.C.

    d.     Blitt and Gaines, P.C. filed over 400 LVNV cases in Illinois in 2007.  (Exhibit D).  (The class is not limited to LVNV, although the two lists are.  Only the beginning and ends of the lists have been filed, to avoid unnecessary bulk.)

11.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibit B violates the FDCPA.

12.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

4

13.    Plaintiff will fairly and adequately represent the class members.

Plaintiff has retained counsel experienced in class actions and FDCPA litigation.  (Exhibit E).

14.    A class action is superior for the fair and efficient adjudication of this

matter, in that:

a.    Individual actions are not economically feasible;

b.    The entire objective of the debt collection practice at issue is

concealment and deception, so that the victims are unlikely to recognize the violation;

c.    Members of the class are likely to be unaware of their rights;

d.    Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

15.    In further support of this motion, plaintiff is submitting a memorandum

of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order

determining that this action may proceed as a class action.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on January 25, 2008, I caused to be filed with the Clerk of the Court via the CM/ECF system the foregoing document. I further certify that I caused to be served true and accurate copies of the foregoing document via Certified Mail upon the following parties:

NCO FINANCIAL SYSTEMS, INC.
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

LVNV FUNDING LLC
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street
Suite 814
Chicago, IL 60604

s/ Daniel A. Edelman
Daniel A. Edelman