IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY SYPNIEWSKI, on behalf of plaintiff and the class described herein, <br><br> Plaintiff, <br> vs. <br><br> NCO FINANCIAL SYSTEMS, INC., and LVNV FUNDING LLC, <br><br> Defendants. | Court File No.: 1:08-cv-00239 <br><br> JUDGE GETTLEMAN <br> MAGISTRATE JUDGE SCHENKIER |

## ANSWER OF DEFENDANT LVNV FUNDING, LLC TO PLAINTIFF'S COMPLAINT

Defendant LVNV Funding LLC ("LVNV"), by and through its attorneys, David M. Schultz and Todd P. Stelter, as and for its Answer to the Complaint of Shirley Sypniewski ("Plaintiff"), in the above-captioned matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

### INTRODUCTION

1. Plaintiff Shirley Sypniewski brings this action to secure redress from unlawful credit and collection practices engaged in by defendants NCO Financial Systems, Inc. and LVNV Funding LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**Answer: In response to Paragraph 1 of Plaintiff's Complaint, LVNV denies the allegations against it. LVNV admits that Plaintiff alleges a violation of the Fair Debt**

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., but denies that it violated the FDCPA or any other law. LVNV denies that plaintiff's citation to the FDCPA is accurate or represents a complete statement of law. LVNV denies all remaining allegations contained within this paragraph.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**Answer:** LVNV admits that this Honorable Court has subject matter jurisdiction over the federal claims cited. LVNV denies that this Honorable Court has jurisdiction as set forth in Paragraph 2 of Plaintiff's Complaint as there has been no violation of law and denies any remaining allegations contained within this paragraph.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District;

   b. Defendants do or transact business within this District.

**Answer:** In response to Paragraph 3 of Plaintiff's Complaint, and its subparts, LVNV denies the allegations against it. LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within this paragraph.

## PARTIES

4. Plaintiff is an individual who resides in the Northern District of Illinois.

**Answer:** LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with offices located at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Complaint.**

6. Defendant NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and interstate wires to collect debts originally owed to others.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Complaint.**

7. NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint.**

8. NCO Financial Systems, Inc. describes its business activities on its web site as follows:

> NCO offers litigation services through its Attorney Network Services™. NCO Attorney Network Services designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results.
>
> We meet the needs of creditors large and small, whether their requirements call for the implementation of a pre-litigation collection campaign for selected accounts or for a nationwide bankruptcy recovery program. We improve our clients' bottom line through customization, working closely with them to identify and implement solutions that yield quality results.
>
> NCO Attorney Network Services consist of the following:
>
> - Pre-litigation Collections
> - Attorney Network Collections (Litigation)
> - Bankruptcy Recovery Programs

- Reaffirmation Invitation Programs
- Non-Dischargeable Debt Programs
- Nationwide Motions Filing
- Nationwide Replevin Filing
- Probate Accounts
- Suit Scoring
- Arbitration Services
- NCOeRecoverEaseTM

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's Complaint.**

9. The mails and interstate wire communications are used to conduct the business of NCO Financial Systems, Inc.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Complaint.**

10. Defendant LVNV Funding LLC is Delaware corporation with offices at 150 South Main Street, Suite 600, Greenville, SC 29601. Its registered agent and office are CT Corporation System, 75 Beattie Place, Two Insignia Financial Plaza, Greenville, SC 29601. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**Answer: In response to Paragraph 10 of Plaintiff's Complaint, LVNV denies that it does business in Illinois, and denies that it has offices at 150 South Main Street, Suite 600, Greenville, SC 29601, while admitting the remaining allegations.**

11. Defendant LVNV Funding LLC is engaged in the business of using the mails and interstate wires to purchase and collect charged off debts.

**Answer: LVNV denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.**

12. The mails and interstate wire communications are used to conduct the business of LVNV Funding LLC.

**Answer: LVNV denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.**

13. LVNV Funding LLC is a debt collector as defined in the FDCPA.

**Answer: LVNV denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.**

14. During the past year more than 1,000 debt collection lawsuits have been filed in the Illinois Courts by LVNV Funding LLC.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 14 of Plaintiff's Complaint.**

## FACTS

15. On or about February 2, 2007, a lawsuit was filed in the name of LVNV Funding LLC against Shirley Sypniewski in the Circuit Court of Cook County, Illinois, Case No. 07 M1 108143, for the purpose of collecting a purported credit card debt incurred for personal, family, or household purposes.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.**

16. The summons, complaint, and an attached affidavit of Tracey Eccles (<u>Exhibit A</u>) were served on Shirley Sypniewski in mid-2007.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint.**

17. Exhibit A is a form affidavit regularly filed in collection actions brought in the name of LVNV Funding LLC in Illinois.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Complaint.**

18. The Tracey Eccles who executed Exhibit A was in fact an employee of NCO Financial Systems, Inc. when Exhibit A was executed and on January 3, 2008.

**Answer: LVNV admits the allegations set forth in Paragraph 18 of Plaintiff's Complaint, upon information and belief.**

19. Tracey Eccles is not an employee of LVNV Funding LLC.

**Answer: LVNV admits the allegations set forth in Paragraph 19 of Plaintiff's Complaint.**

20. Tracey Eccles and other employees of NCO Financial Systems, Inc. regularly executed affidavits similar to Exhibit A as "agent" of LVNV Funding LLC and possibly other alleged owners of debts.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Complaint.**

21. NCO is, on information and belief, performing "Attorney Network Services" when its employee prepares documents in the form of Exhibit A.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Complaint.**

22. Contrary to the statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not qualified to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV

Funding LLC or any predecessor of LVNV Funding LLC to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiff's Complaint.**

23. Exhibit A does not disclose the fact that the signatory is an employee of NCO Financial Systems, Inc.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiff's Complaint.**

24. By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and appears to come from LVNV Funding LLC.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's Complaint.**

25. The preparation of affiants in the form of Exhibit A amounts to the illegal and unauthorized practice of law by NCO.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiff's Complaint.**

26. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiff's Complaint.**

## VIOLATIONS COMPLAINED OF

27. The FDCPA, 15 U.S.C. §1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .
> >
> > (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .

**Answer:** In response to Paragraph 27 of Plaintiff's Complaint, LVNV admits that this paragraph cites to a portion of the FDCPA. LVNV denies violating the FDCPA and any other laws. LVNV denies any remaining allegations contained within this paragraph.

28.  Contrary to the statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not "qualified" to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV Funding LLC or any predecessor of LVNV Funding LLC to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**Answer:** LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.  The statements in <u>Exhibit A</u> that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

**Answer:** LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30.  The unauthorized practice of law by NCO and NCO's supplying of bogus affiants for compensation violates 15 U.S.C. §§1692e and 1692f.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's Complaint.**

31. <u>Exhibit A</u> does not disclose the fact that the signatory is an employee of NCO Financial Systems, Inc. and not LVNV Funding LLC.

**Answer: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's Complaint.**

32. By describing the affiant as an "agent" of plaintiff LVNV, without identification of the company for which the affiant works, <u>Exhibit A</u> conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and amounts to the use by NCO Financial Systems, Inc. of a business, company, or organization name ("LVNV Funding LLC") other than the true name of the debt collector's business, company, or organization.

**Answer: LVNV denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.**

33. By filing such affidavit in its lawsuit, or permitting its filing, LVNV participated in the deceptive practice, in violation of 15 U.S.C. §1692e.

**Answer: LVNV denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.**

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**Answer: LVNV denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.**

35. The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, and which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**Answer: LVNV denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.**

36. The subclass consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**Answer: LVNV denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.**

37. The class and subclass are each so numerous that joinder of all members is not practicable.

**Answer: LVNV denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.**

38. On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/

Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**Answer: In response to Paragraph 38 of Plaintiff's Complaint, LVNV denies all allegations set forth against it. LVNV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations.**

39. On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**Answer: In response to Paragraph 39 of Plaintiff's Complaint, LVNV denies all allegations set forth against it. LVNV is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations.**

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

**Answer: LVNV denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.**

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**Answer: LVNV denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.**

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**Answer: LVNV denies the allegations set forth in Paragraph 42 of Plaintiff's Complaint.**

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c. Members of the class are likely to be unaware of their rights;

    d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**Answer: LVNV denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint and all of its subparts.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., if applicable, which LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FOURTH DEFENSE

LVNV asserts the affirmative defense of litigation privilege.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Respectfully submitted,

LVNV FUNDING, LLC

By: _____s/ Todd P. Stelter_____
One of Its Attorneys

Todd Stelter
David M. Schultz
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY SYPNIEWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COURT FILE NO. 08 CV 00239 |
| NCO FINANCIAL SYSTEMS, INC., and ) | |
| LVNV FUNDING, LLC, ) | Judge Gettleman |
| ) | |
| Defendant. ) | Mag. Judge Schenkier |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008, I electronically filed **LVNV's ANSWER and AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Daniel Edelman**
dedelman@edcombs.com

Respectfully submitted,
LVNV FUNDING, LLC

By:     s/Todd P. Stelter
        One of its attorneys

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000