IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY SYPNIEWSKI, | ) |
| | ) |
| Plaintiff, | ) Case No.: 08 C 0239 |
| | ) |
| v. | ) Judge Gettleman |
| | ) |
| NCO FINANCIAL SYSTEMS, | ) Magistrate Judge Schenkier |
| INC. and LVNV FUNDING LLC, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

NOW COMES Defendant, NCO FINANCIAL SYSTEMS, INC., ("NCO") by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

## INTRODUCTION

1.   Plaintiff Shirley Sypniewski brings this action to secure redress from unlawful credit and collection practices engaged in by defendants NCO Financial Systems, Inc. and LVNV Funding LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER**: Defendant NCO admits that plaintiff purports to assert claims against this defendant for alleged violations of the FDCPA, but denies any violation or liability to the extent alleged in ¶ 1.

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER**: Defendant NCO admits the allegations in ¶ 2 for jurisdictional purposes only.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiff within this District;

   b. Defendants do or transact business within this District.

**ANSWER**: Defendant NCO admits the allegations for purposes of jurisdiction and venue only, but denies any violation or liability to the extent alleged in ¶ 3.

## PARTIES

4. Plaintiff is an individual who resides in the Northern District of Illinois.

**ANSWER**: Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 4, which has the effect of a denial.

5.　Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with offices located at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:　Defendant NCO admits the allegations in ¶ 5.**

6.　Defendant NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and interstate wires to collect debts originally owed to others.

**ANSWER:　Defendant NCO admits the allegations in ¶ 6.**

7.　NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

**ANSWER: Defendant NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692(a)(6), its debt collection activities may be subject to the provisions of the FDCPA. Except as specifically admitted, the allegations in ¶ 7 are denied.**

8.　NCO Financial Systems, Inc. describes its business activities on its web site as follows:

> NCO offers litigation services through its Attorney Network Services™. NCO Attorney Network Services designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results.
>
> We meet the needs of creditors large and small, whether their requirements call for the implementation of a pre-litigation collection campaign for selected accounts or for a nationwide bankruptcy recovery program. We

- 3 -

improve our clients' bottom line through customization, working closely with them to identify and implement solutions that yield quality results.

NCO Attorney Network Services consist of the following:

- Pre-litigation Collections
- Attorney Network Collections (Litigation)
- Bankruptcy Recovery Programs
- Reaffirmation Invitation Programs
- Non-Dischargeable Debt Programs
- Nationwide Motions Filing
- Nationwide Replevin Filing
- Probate Accounts
- Suit Scoring
- Arbitration Services
- NCOeRecoverEase™

**ANSWER: Defendant NCO admits that such language appears on its website. Except for specifically admitted, the allegations of ¶ 8 are denied.**

9. The mails and interstate wire communications are used to conduct the business of NCO Financial Systems, Inc.

**ANSWER: NCO admits the allegations in ¶ 9.**

10. Defendant LVNV Funding LLC is a Delaware corporation with offices at 150 S. Main Street, Suite 600, Greenville, SC 29601. Its registered agent and office are CT Corporation System, 75 Beattie Place, Two Insignia Financial Plaza, Greenville, SC 29601. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER:  Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 10, which has the effect of a denial.**

11.  Defendant LVNV Funding LLC is engaged in the business of using the mails and interstate wires to purchase and collect charged off debts.

**ANSWER:  Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 11, which has the effect of a denial.**

12.  The mails and interstate wire communications are used to conduct the business of LVNV Funding LLC.

**ANSWER:  Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 12, which has the effect of a denial.**

13.  LVNV Funding LLC is a debt collector as defined in the FDCPA.

**ANSWER:  Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 13, which has the effect of a denial.**

14.  During the past year more than 1,000 debt collection lawsuits have been filed in the Illinois Courts by LVNV Funding LLC.

**ANSWER:  Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 14, which has the effect of a denial.**

## FACTS

15. On or about February 2, 2007, a lawsuit was filed in the name of LVNV Funding LLC against Shirley Sypniewski in the Circuit Court of Cook County, Illinois, Case No. 07 M1 108143, for the purpose of collecting a purported credit card debt incurred for personal, family, or household purposes.

**ANSWER: Defendant NCO admits the allegations in ¶ 15 upon information and belief.**

16. The summons, complaint, and an attached affidavit of Tracey Eccles (Exhibit A) were served on Shirley Sypniewski in mid-2007.

**ANSWER: Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 16, which has the effect of a denial.**

17. Exhibit A is a form affidavit regularly filed in collection actions brought in the name of LVNV Funding LLC in Illinois.

**ANSWER: Defendant NCO lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations in ¶ 17, which has the effect of a denial.**

18. The Tracey Eccles who executed Exhibit A was in fact an employee of NCO Financial Systems, Inc. when Exhibit A was executed and on January 3, 2008.

**ANSWER: Defendant NCO admits the allegations in ¶ 18.**

19. Tracey Eccles is not an employee of LVNV Funding LLC.

**ANSWER: Defendant NCO admits the allegations in ¶ 19 upon information and belief.**

20. Tracey Eccles and other employees of NCO Financial Systems, Inc. regularly executed affidavits similar to Exhibit A as "agent" of LVNV Funding LLC and possibly other alleged owners of debts.

**ANSWER: Defendant NCO admits that Tracey Eccles executed the affidavit as the authorized agent of LVNV Funding LLC. Except as specifically admitted, the allegations in ¶ 20 are denied.**

21. NCO is, on information and belief, performing "Attorney Network Services" when its employee prepares documents in the form of Exhibit A.

**ANSWER: Defendant NCO admits the allegations of ¶ 21.**

22. Contrary to statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not qualified to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV Funding LLC or any predecessor of LVNV Funding LLC to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER: Defendant NCO denies the allegations of ¶ 22.**

23. Exhibit A does not disclose the fact that the signatory is an employee of NCO Financial Systems Inc.

**ANSWER:  Defendant NCO admits the allegations in ¶ 23.**

24. By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and appears to come from LVNV Funding LLC.

**ANSWER:  Defendant NCO denies the allegations of ¶ 24.**

25. The preparing of affiants in the form of Exhibit A amounts to the illegal and unauthorized practice of law by NCO.

**ANSWER:  Defendant NCO denies the allegations of ¶ 25.**

26. The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

**ANSWER:  Defendant NCO denies the allegations of ¶ 26.**

## VIOLATIONS COMPLAINED OF

27. The FDCPA, 15 U.S.C. §1692e, states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:...

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization....

**ANSWER**: Defendant NCO admits that portions of the FDCPA are accurately stated in ¶ 27, but denies that it committed any wrongful conduct or violation of the FDCPA to the extent alleged in ¶ 27.

28. Contrary to the statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not "qualified" to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV Funding LLC or any predecessor of LVNV Funding LLC to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

**ANSWER**: Defendant NCO denies the allegations of ¶ 28.

29. The statements in Exhibit A that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

**ANSWER**: Defendant NCO denies the allegations of ¶ 29.

30. The unauthorized practice of law by NCO and NCO's supplying of bogus affiants for compensation violates 15 U.S.C. §§1692e and 1692f.

**ANSWER**: Defendant NCO denies the allegations of ¶ 30.

31. Exhibit A does not disclose the fact that the signatory is an employee of NCO Financial Systems, Inc. and not LVNV Funding LLC.

**ANSWER: Defendant NCO admits the allegations in ¶ 31.**

32. By describing the affiant as an "agent" of plaintiff, LVNV without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and

amounts to the use by NCO Financial Systems, Inc. of a business, company, or organization name ("LVNV Funding LLC") other than the true name of the debt collector's business, company, or organization.

**ANSWER:   NCO denies the allegations in ¶ 32.**

33.   By filing such affidavit in its lawsuit, or permitting its filing LVNV participated in the deceptive practice, in violation of 15 U.S.C. §1692e.

**ANSWER:   NCO denies the allegations in ¶ 32.**

## CLASS ALLEGATIONS

34.   Plaintiff brings this action on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:   Defendant NCO admits that plaintiff purports to bring this lawsuit as a class action, but denies any liability or wrongful conduct to the extent alleged in ¶ 34, and further denies that this claim satisfies the requirements of a class action.**

35.   The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, and which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 35, and further denies that this suit meets the requirements of a class action.**

36. The subclass consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 36, and further denies that this suit meets the requirements of a class action.**

37. The class and subclass are each so numerous that joinder of all members is not practicable.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 37, and further denies that this suit meets the requirements of a class action.**

38. On information and belief, there are least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 38, and further denies that this suit meets the requirements of a class action.**

39. On information and belief, there are least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 39, and further denies that this suit meets the requirements of a class action.**

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 40, and further denies that this suit meets the requirements of a class action.**

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER**: **Defendant NCO denies the allegations in ¶ 41, and further denies that this suit meets the requirements of a class action.**

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER: Defendant NCO denies the allegations in ¶ 42, and further denies that this suit meets the requirements of a class action.**

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

   c. Members of the class are likely to be unaware of their rights;

   d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER: Defendant NCO denies the allegations in ¶ 43, and further denies that this suit meets the requirements of a class action.**

AND NOW, in further Answer to the Complaint, Defendant NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

One or more of the Counts in the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, and in the event that Defendant is found to be a debt collector as defined by FDCPA, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant, NCO FINANCIAL SYSTEMS, INC., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and state law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Respectfully submitted,

/s/ *James K. Schultz*
James K. Schultz

James K. Schultz
Shannon M. Geier
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL  60091
Telephone:  (847) 853-6100
Facsimile:  (847) 853-6105
E-Mail:    sgeier@sessions-law.biz
           jschultz@sessions-law.biz

**Of Counsel:**

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
E-Mail:    disrael@sessions-law.biz

Attorneys for Defendant, NCO FINANCIAL SYSTEMS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY SYPNIEWSKI | ) |
| Plaintiff, | ) Case No.: 08 C 0239 |
| v. | ) Judge Gettleman |
| NCO FINANCIAL SYSTEMS, INC. and LVNV FUNDING LLC, | ) Magistrate Judge Schenkier |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2008, a copy of the foregoing **ANSWER TO COMPLAINT** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street
18th Floor
Chicago, Illinois 60603
(866) 339-1156

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601

/s/ *James K. Schultz*
Attorney for Defendant NCO Financial Services