IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY SYPNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Gettleman |
| | ) | |
| -vs- | ) | Case No.: 08 C 0239 |
| | ) | |
| NCO FINANCIAL SYSTEMS, | ) | Magistrate Judge Schenkier |
| INC. and LVNV FUNDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

NOW COME Defendants NCO FINANCIAL SYSTEMS, INC., ("NCO") and LVNV FUNDING LLC ("LVNV"), by and through undersigned counsel, and hereby move this Honorable Court to dismiss the above action pursuant to Fed. R. Civ. P. 12(c) as the pleadings demonstrate that Defendants are entitled to judgment as a matter of law. In support thereof, Defendants state as follows:

I.    **Introduction**

Plaintiff has initiated this class action lawsuit[1] alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") while engaged in and prosecuting collection lawsuits in the State of Illinois. In those collection cases, Defendant LVNV filed affidavits in support of their claims to collect on outstanding debts. Plaintiff has alleged that Defendants violated the FDCPA because the affidavits were executed by witnesses that lacked

---

[1] The class has not been certified under Fed.R.Civ.P. 23.

the capacity to testify about the matters asserted therein, that the affiants conduct constituted the unauthorized practice of law, and that Defendants failed to reveal the true identity of the business that was involved in the collection activities.

Plaintiff's claims fail as a matter of law. There was nothing contained in the state court pleading that was unfair, false or misleading. Simply put, the FDCPA does not provide a federal remedy for alleged contraventions of state law rules of evidence and judgment must be entered in favor of Defendants.

## II.  Procedural History

Plaintiff filed this putative class action lawsuit on January 10, 2008. Defendant LVNV and Defendant NCO filed their answers on March 4, 2008 and March 5, 2008, respectively. In their answers, Defendants have denied the substantive allegations of Plaintiff's Complaint. With the closing of the pleadings, Defendants now move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c).

## III.  Factual Summary

The following facts are taken from Plaintiff's Complaint and are assumed to be true for purposes of this motion only. Plaintiff Shirley Sypniewski has brought this action seeking redress for credit and collection practices by NCO and LVNV that allegedly violate the FDCPA. *See Plaintiff's Complaint,* ¶ 1 (together with exhibits attached hereto as Exhibit "A"). LVNV filed suit against Shirley Sypniewski in the Circuit Court of Cook County, Illinois, on or about February 2, 2007, for the purpose of collecting a credit card debt previously incurred by

Plaintiff. *See Id.*, ¶15. In support of that action, LVNV attached to its complaint an affidavit evidencing the debtor's obligation and the true owner of the debt. *See Id.*, ¶17; ¶ 20. The affiant was Tracey Eccles, an employee of NCO. *See Id.*, ¶18; ¶20.

As a result of their actions in securing the state court judgment, Plaintiff asserts that Defendants have violated the FDCPA, 15 U.S.C. §1692e (10), § 1692e (14) and § 1692f. *See Id.*, ¶27. Plaintiff specifically alleges that the FDCPA was violated by Defendants in the three ways:

- By preparing and filing affidavits that contained statements that the affiant was qualified to testify as to all of the facts pertaining to the underlying collection case brought by LVNV, in violation of 15 U.S.C. 1692e (*Id.*, ¶29; ¶33);

- By engaging in the unauthorized practice of law in supplying bogus affiants for compensation, in violation of 15 U.S.C. 1692e and 15 U.S.C. 1692f (*Id.*, ¶30); and

- By describing the affiant as an agent of LVNV without disclosing that the signatory was an employee of NCO, which operated to conceal the true identity of the business preparing the affidavit and amounted to NCO's use of a business, company or organization name other than the true name of the debt collector, in violation of 15 U.S.C. 1692e(14) (*Id.*, ¶¶31-32).

Accepting the factual allegations as true, there are no material issues of fact in dispute. Plaintiff will be unable to prove any set of facts in support of these allegations that would entitle her to relief under the FDCPA.

### IV.   Standard of Review

Federal Rule of Civil Procedure 12(c) provides that after the pleadings are closed, judgment on the pleadings can be entered when there are no material facts

- 3 -

at issue. A motion under Rule 12(c) is generally treated in the same manner as a motion to dismiss under Rule 12(b)(6). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In assessing the Rule 12(c) motion, the court is to accept as true all of the well-pled material allegations, and view all of the factual inferences in a light most favorable to the Plaintiff. *Forseth v. Village of* Sussex, 199 F.3d 363, 368 (7th Cir. 2000). However, when facing a challenge under Rule 12(c), the Plaintiff's obligation to provide the grounds supporting the claimed relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

Factual allegations must be enough to support a right to the relief claimed above the speculative level, on the assumption that all of the allegations in the complaint, even if doubtful in fact, are true. *Id.*, 127 S.Ct. at 1965. In other words, Plaintiff's allegations must contain something more substantial than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216*, pp. 235-236 (3d ed. 2004). *See also Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 178 n. 2 (7th Cir. 1986) (Plaintiff's legal conclusions and unwarranted factual inferences need not be accepted in assessing a Rule 12(c) motion).

Judgment under Rule 12(c), like dismissal for failure to state a claim upon which relief may be granted, does not require the appearance, beyond a doubt, that

Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Instead, dismissal is appropriate when the pleadings fail to contain facts making the claim plausible on its face. *Bell Atlantic Corp.*, 127 S.Ct. at 1974.

### V. Plaintiff's Complaint Should Be Dismissed Because The Allegations Fail To Raise A Claim Upon Which Relief Could Be Granted

Plaintiff's complaint seeks redress for 3 alleged violations of the FDCPA. Viewing all of the well-pled allegations in Plaintiff's favor, each of the 3 claims still fail as a matter of law because there is no set of facts that Plaintiff could establish in support of those claims that would entitle her to relief as the actions of Defendants were not false, misleading or deceptive.

#### A. §1692e Was Not Violated By The Filing Of Affidavits In Support of The Underlying Collection Cases

Plaintiff alleges that the affidavit filed in the underlying state court action stating "that the affiant is qualified to testify as to all facts pertaining to this matter" was false and violated § 1692e(10). *Exhibit A, ¶ 29.* 15 U.S.C. § 1692e(10) provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Courts evaluating whether a particular practice violates § 1692e of the FDCPA must apply an objective standard, asking whether that practice would deceive the least sophisticated consumer. *Miller v. Wolpoff & Abramson, L.L.P.*, 471 F.Supp.2d 243, 249 (E.D.N.Y. 2007). The goal of § 1692e is "to protect the naive from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Id.* When the document does not plainly reveal that it would be confusing to a significant fraction of the population, Plaintiff must come forward with some evidence beyond the document and beyond self-serving assertions that the document is confusing in order to create a genuine issue for trial. *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 415 (7th Cir. 2005).

Initially, as implicitly acknowledged by Plaintiff, there is nothing in the affidavit that can reasonably be considered objectively confusing. Instead, Plaintiff alleges that the affidavit is deceptive because it is false. Specifically, Plaintiff claims that the affiant was not qualified to authenticate the business records of LVNV Funding because she was not an employee of LVNV. Plaintiff's claims fail as a matter of law because the affiant was competent to testify to the matters contained in the affidavit. Under Illinois law, a witness is qualified and competent to testify to information set forth in business records reviewed by the witness. *Champaign National Bank v. Babcock*, 273 Ill.App.3d 292, 298 (4th Dist. 1995). In this case, Affiant Tracey Eccles testified that she was familiar with and had knowledge of the method employed by LVNV to create an electronic account

file for debtors such as Plaintiff. *See Affidavit of Tracey Eccles, attached hereto as Exhibit B,* ¶ 3. Ms. Eccles also testified that these records are maintained in the regular course of the business of LVNV and are generated by persons with knowledge of the information contained in the electronic file. *Id.* Finally, Ms. Eccles testified that she reviewed the electronic records and determined that there was a balance owed on the account in the amount of $1,136.84. *Id.,* ¶ 4.

Despite Plaintiff's suggestion to the contrary, there is no requirement that a party offering a business record into evidence be the party that kept the record or supervised the preparation of the record. *See Mississippi River Grain Elevator, Inc. v. Bartlett & Co.*, 659 F.2d 1314, 1319 (5th Cir. 1981) (holding that if "circumstances indicate that the records are trustworthy, the party seeking to introduce them does not have to present the testimony of the party who kept the record or supervised its preparation.") Thus, Plaintiff's claims must fail because the affidavit was not "false" nor did Ms. Eccles lack the qualifications to offer testimony based on her review of the business records of LVNV merely because she was not an employee of LVNV. *Argueta v. Baltimore & Ohio Chicago Terminal R.R. Co.*, 224 Ill.App.3d 11, 21,166 Ill.Dec. 428, 434, 586 N.E.2d 386, 392 (Ill App. 1991) (finding that it makes no difference whether the business records being offered are those of a party or of a third person authorized by the business to generate the record on the business's behalf.) *Cf. Olvera v. Blitt & Gaines*, 431 F.3d 285, 287 (7th Cir. 2005); *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996) (the FDCPA does not prohibit the filing of

affidavits that are accurate and fair, even if the affidavit is otherwise inadmissible in the state court action); *Cf. Foreman v. PRA III, LLC*, 2007 WL 704478, *14 (N.D. Ill. 2007) ("the fact than an affidavit constitutes inadmissible evidence does not necessarily render the affidavit "false" or "misleading" within the meaning of the FDCPA".)

### B.  An Unauthorized Practice Of Law Claim Is Not Cognizable Under The FDCPA

Plaintiff also asserts that NCO engaged in the unauthorized practice of law by supplying "bogus affiants for compensation", and that these actions violated §§ 1692e and 1692f. *Exhibit A,* ¶ 30. Plaintiff's claim is wrong. Signing an affidavit, without exercising some legal judgment, does not constitute the practice of law. *Francorp, Inc. v. Siebert*, 211 F.Supp.2d 1051, 1056 (N.D. Ill. 2002). A necessary predicate to a claim premised on the unauthorized practice of law is that the Defendant engaged in the practice of law. In this case, there is no reasonable basis to conclude that Ms. Eccles practiced law by simply acting as the signatory to an affidavit. An affiant is a witness offering testimony, not a person engaged in the practice of law. *Skipper Maine Electronics, Inc. v. United Parcel Service, Inc.*, 210 Ill.App.3d 231, 236, 569 N.E.2d 55, 59 (Ill.App. 1st Dist. 1991).

Assuming, *arguendo*, that Ms. Eccles was engaged in the practice of law, Plaintiff's FDCPA claim predicated on those actions is still not actionable. Such a claim "is the province of state bar associations and state courts." *Bass v. Arrow Financial Services, L.L.C.*, 2002 WL 1559635, *3 (N.D. Ill. 2002). *Cf. Blair v.*

*Supportkids, Inc.*, 222 F.Supp. 1038, 1045 (N.D. Ill 2002) (finding that Illinois law recognizes a private cause of action for the unauthorized practice of law only when the defendant represented herself as an attorney or acted negligently).

### C. Defendant Accurately Disclosed The Identity Of The Company Engaged In Debt Collection

The final allegation is that Defendants violated 15 U.S.C. § 1692e by deceptively concealing the identity of the business preparing the affidavit, thereby using a company name other than the true name of the debt collector in violation of § 1692e(14). *Exhibit A,* ¶¶ 32-33. The aim of § 1692e(14) is to prevent debt collectors from using a name other than its own in an attempt to mislead or deceive a consumer. *Anthes v. Transworld Systems, Inc.*, 765 F.Supp. 162, 172 (D. Del.1991). Subsection 14 was enacted to prohibit a debt collector from falsely giving the impression that its communications were from a third party. *Id.* at 171. "The FDCPA prohibits use by an exempt creditor of a name that creates the false impression that a third party is collecting the debt." *Fisher v. Dell Financial Services, LP*, 2005 WL 3073669, *2 (Del.Com.Pl. 2005) *quoting 54 Consumer Fin. L.Q. Rep. 211, 212.* To state a viable claim under § 1692e(14), the name being used must be false, deceptive or misleading. *Todd v. Capital One Financial Corp.*, 2007 WL 3306097, *3 (W.D. Ky. 2007).

In *Weinstein v. Fink*, 2001 WL 185194 *2 (N.D. Ill. 2001), the plaintiff claimed that the defendants violated §1692e(14) because Payco, the debt collector that was retained by the original creditor, was not named as a party in the state

court collection action. After unsuccessfully attempting to collect the debt, Payco retained an attorney to bring suit against the debtor. In the suit, Payco was not named as a creditor or plaintiff; only the original creditor. Evanston Hospital was so named. *Id.*, 2001 WL 185194 *2. In dismissing plaintiff's § 1692e(14) claim, the Court concluded that failing to refer to Payco in the collection case was not misleading or deceptive because the "FDCPA does not require a debt collector to be named as a plaintiff in a collection action where the debt collector neither owns the debt, nor prosecutes the lawsuit." *Id, 2001 WL 185194, *5.*

The case at bar is in accord with *Weinstein*. As in *Weinstein*, in this case there was no requirement that NCO be named as a Plaintiff or otherwise referred to in the state court action. There is no allegation that NCO was the owner of the debt, and the prosecution of the lawsuit was not conducted by NCO. Moreover, there is nothing in the method in which the collection case was brought that is objectively misleading or deceptive. The description of Tracey Eccles as the agent of LVNV is factually accurate. Here, as in *Weinstein*, the debt collector was not using a name in an attempt to mislead or deceive the consumer. The name being held out to Plaintiff as the business collecting the debt was that of LVNV Funding, LLC. This is the name of the company that owned the debt, the party on whose behalf the state court action was being pursued, and is not a fabrication or false statement. The name provides meaningful disclosure of the identity of the business pursuing the collection activities and is not otherwise false or misleading. Because there can be no finding of a violation of § 1692e(14) when the name

being used is the true name that does not deceive or mislead, Plaintiff's final claim fails as a matter of law. *See also Becker v. Genesis Financial Services*, 2007 WL 4190473, *7 (E.D.Wash. 2007) (finding that summary judgment was proper in favor of defendant on plaintiff's § 1692e(14) claim when plaintiff failed to establish that collection notices issued in name of collector were false, deceptive or misleading.)

### VI. Conclusion

WHEREFORE, based upon the foregoing, Defendants NCO Financial Systems, Inc. and LVNV Funding LLC respectfully pray that this Honorable Court enter an Order dismissing this action pursuant to Federal Rule of Civil Procedure 12(c), for the reasonable attorney fees incurred and all other just and equitable relief.

Respectfully Submitted,

By: */s/ James K. Schultz*
    James K. Schultz
    Attorney for Defendants

James K. Schultz
Shannon M. Geier
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL 60091
Telephone: (847) 853-6100
Facsimile:  (847) 853-6105
E-Mail:     jschultz@sessions-law.biz
            sgeier@sessions-law.biz

**Of Counsel:**

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737
E-Mail:     disrael@sessions-law.biz

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY SYPNIEWSKI | ) | |
| | ) | |
| Plaintiff, | ) | Judge Gettleman |
| | ) | |
| -vs- | ) | Case No.: 08 C 0239 |
| | ) | |
| NCO FINANCIAL SYSTEMS, | ) | Magistrate Judge Schenkier |
| INC. and LVNV FUNDING LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2008, a copy of the foregoing **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 South LaSalle Street
    18th Floor
    Chicago, Illinois 60603
    (866) 339-1156

    David M. Schultz
    Todd P. Stelter
    HINSHAW & CULBERTSON LLP
    222 North LaSalle Street
    Suite 300
    Chicago, Illinois 60601

                                              /s/ James K. Schultz
                                              Attorney for Defendants