# EXHIBIT A

**FILED**

**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 239**

| | |
|---|---|
| SHIRLEY SYPNIEWSKI, on behalf of plaintiff and the class described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| NCO FINANCIAL SYSTEMS, INC., and LVNV FUNDING LLC, | ) ) ) |
| Defendants. | ) ) |

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Shirley Sypniewski brings this action to secure redress from unlawful credit and collection practices engaged in by defendants NCO Financial Systems, Inc. and LVNV Funding LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

1

      a.    Defendants' collection communications were received by plaintiff within this District;

      b.    Defendants do or transact business within this District.

## PARTIES

4.    Plaintiff is an individual who resides in the Northern District of Illinois.

5.    Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation with offices located at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6.    Defendant NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and interstate wires to collect debts originally owed to others.

7.    NCO Financial Systems, Inc. is a debt collector as defined in the FDCPA.

8.    NCO Financial Systems, Inc. describes its business activities on its web site as follows:

> NCO offers litigation services through its Attorney Network Services™. NCO Attorney Network Services designs and implements cost-effective legal collection solutions for creditors across the country, managing nationwide legal resources complemented by modern facilities, leading-edge technology, and the expertise needed to achieve results.
>
> We meet the needs of creditors large and small, whether their requirements call for the implementation of a pre-litigation collection campaign for selected accounts or for a nationwide bankruptcy recovey program. We improve our clients' bottom line through customization, working closely wth them to identify and implement solutions that yield quality results.
>
> NCO Attorney Network Services consist of the following:
>
>     •     Pre-litigation Collections

2

- Attorney Network Collections (Litigation)
- Bankruptcy Recovery Programs
- Reaffirmation Invitation Programs
- Non-Dischargeable Debt Programs
- Nationwide Motions Filing
- Nationwide Replevin Filing
- Probate Accounts
- Suit Scoring
- Arbitration Services
- NCOeRecoverEase™

9. The mails and interstate wire communications are used to conduct the business of NCO Financial Systems, Inc.

10. Defendant LVNV Funding LLC is Delaware corporation with offices at 150 South Main Street, Suite 600, Greenville, SC 29601. Its registered agent and office are CT Corporation System, 75 Beattie Place, Two Insignia Financial Plaza, Greenville, SC 29601. It does business in Illinois. Its registered agent and office in Illinois are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Defendant LVNV Funding LLC is engaged in the business of using the mails and interstate wires to purchase and collect charged off debts.

12. The mails and interstate wire communications are used to conduct the business of LVNV Funding LLC.

13. LVNV Funding LLC is a debt collector as defined in the FDCPA.

14. During the past year more than 1,000 debt collection lawsuits have been filed in the Illinois Courts by LVNV Funding LLC.

**FACTS**

15. On or about February 2, 2007, a lawsuit was filed in the name of LVNV

3

Funding LLC against Shirley Sypniewski in the Circuit Court of Cook County, Illinois, Case No. 07 M1 108143, for the purpose of collecting a purported credit card debt incurred for personal, family, or household purposes.

16. The summons, complaint, and an attached affidavit of Tracey Eccles (Exhibit A) were served on Shirley Sypniewski in mid-2007.

17. Exhibit A is a form affidavit regularly filed in collection actions brought in the name of LVNV Funding LLC in Illinois.

18. The Tracey Eccles who executed Exhibit A was in fact an employee of NCO Financial Systems, Inc. when Exhibit A was executed and on January 3, 2008.

19. Tracey Eccles is not an employee of LVNV Funding LLC.

20. Tracey Eccles and other employees of NCO Financial Systems, Inc. regularly executed affidavits similar to Exhibit A as "agent" of LVNV Funding LLC and possibly other alleged owners of debts.

21. NCO is, on information and belief, performing "Attorney Network Services" when its employee prepares documents in the form of Exhibit A.

22. Contrary to the statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not qualified to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV Funding LLC or any predecessor of LVNV Funding LLC to generate computer records, and could not "testify at trial as to all facts pertaining to this matter."

23. Exhibit A does not disclose the fact that the signatory is an employee of NCO Financial Systems, Inc.

24.     By describing the affiant as an "agent" of plaintiff, without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and appears to come from LVNV Funding LLC.

25.     The preparation of affiants in the form of Exhibit A amounts to the illegal and unauthorized practice of law by NCO.

26.     The mails and interstate wire communications are used to send affidavits in the form represented by Exhibit A.

## VIOLATIONS COMPLAINED OF

27.     The FDCPA, 15 U.S.C. §1692e, states:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

28.     Contrary to the statements in the affidavit, Tracey Eccles and other employees of NCO Financial Systems, Inc. are not "qualified" to testify about the computer records of LVNV Funding LLC or any predecessor of LVNV Funding LLC or the procedures used by LVNV Funding LLC or any predecessor of LVNV Funding LLC to generate computer records,

5

and could not "testify at trial as to all facts pertaining to this matter."

29. The statements in Exhibit A that the affiant is qualified to testify as to all facts pertaining to this matter are false and violate 15 U.S.C. §1692e.

30. The unauthorized practice of law by NCO and NCO's supplying of bogus affiants for compensation violates 15 U.S.C. §§1692e and 1692f.

31. Exhibit A does not disclose the fact that the signatory is an employee of NCO Financial Systems, Inc. and not LVNV Funding LLC.

32. By describing the affiant as an "agent" of plaintiff, LVNV without identification of the company for which the affiant works, Exhibit A conceals the identity of the business preparing the document, NCO Financial Systems, Inc., and amounts to the use by NCO Financial Systems, Inc. of a business, company, or organization name ("LVNV Funding LLC ") other than the true name of the debt collector's business, company, or organization.

33. By filing such affidavit in its lawsuit, or permitting its filing, LVNV participated in the deceptive practice, in violation of 15 U.S.C. §1692e.

### CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35. The class consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois, and which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

36. The subclass consists of (a) all individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

37. The class and subclass are each so numerous that joinder of all members is not practicable.

38. On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

39. On information and belief, there are at least 40 (a) individuals (b) against whom legal proceedings were filed in Illinois in the name of LVNV Funding LLC, which was filed (c) on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, (d) an affidavit executed by an employee of NCO Financial Systems, Inc. (including its predecessor OSI/ Outsourcing Solutions) (e) which did not state as part of its text that the person was employed by NCO.

40. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant

7

common question is whether <u>Exhibit A</u> violates the FDCPA.

41. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

42. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

43. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. The entire objective of the debt collection practice at issue is concealment and deception, so that the victims are unlikely to recognize the violation;

    c. Members of the class are likely to be unaware of their rights;

    d. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

                                                     <u>s/Daniel A. Edelman</u>
                                                     Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

9

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

LVNV FUNDING LLC ASSIGNEE OF HSBC BANK NEVADA
        Plaintiff

vs.

SHIRLEY SYPNIEWSKI
        Defendant

2115041008208193

## AFFIDAVIT

I, _Tracey Eckles_, being first duly sworn upon oath depose and state as follows:

1. That I am the agent in the above captioned matter and I am authorized and qualified to make this Affidavit in support for the judgment against the above named Defendant;

2. That Plaintiff is the purchaser or assignee of the Defendant's account from the original creditor, HSBC Bank Nevada;

3. That Plaintiff maintains, in the regular course of business, computer records on which entries are made by a person with knowledge of the information therein and/or information transmitted from a person with such knowledge;

4. That after allowing for all offsets and credits, there remains a balance due on this account in the amount of $1,136.84.

5. That if called upon affiant can testify at trial as to all facts pertaining to this matter.

FURTHER AFFIANT SAYETH NOT.

_Tracey Eckles_
Agent

Subscribed and sworn to before me this _10_ day of _Jan_, 200_8_

_____
NOTARY PUBLIC

Sondra Rosenfeld
NOTARY PUBLIC
Montgomery County
State of Maryland
My Commission Expires
June 1, 2010

06-30271-0
7400-17
0003243356