IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY SYPNIEWSKI, | ) |
| Plaintiff, | ) Judge Gettleman |
| -vs- | ) Case No.: 08 C 0239 |
| NCO FINANCIAL SYSTEMS, INC. and LVNV FUNDING LLC, | ) Magistrate Judge Schenkier |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

NOW COME Defendants NCO FINANCIAL SYSTEMS, INC., ("NCO") and LVNV FUNDING LLC ("LVNV"), by and through undersigned counsel, and hereby submits the following reply brief in support of Defendants' Rule 12(c) Motion for Judgment on the Pleadings.

I.   **Procedural History**

Defendants filed the underlying Motion for Judgment on the Pleadings based on fatal defects that were apparent on the face of Plaintiff's complaint. The motion demonstrated that each of Plaintiff's 3 claims failed as a matter of law. In opposition, Plaintiff has constructed a house of cards consisting of irrelevant and nonresponsive arguments in an attempt to provide shelter for her defective claims. In short summary, statutory and case law authority conclusively establishes that Plaintiff's claims fail as a matter of law for the following reasons: (1) the affidavit filed in the state court collection case was not false or misleading; (2) NCO was

not engaged in the practice of law, nor is an unauthorized practice of law claim actionable under the FDCPA; and (3) the company engaged in collecting Plaintiff's debt was accurately disclosed.

Rather than oppose substantively the arguments raised in Defendants' motion defeating their claims, Plaintiff instead seeks refuge behind the assertion that the complaint's "allegations are sufficient to state a claim for relief." *Plaintiff's brief, page 6*. Plaintiff's argument misses the point however, because Plaintiff is obligated to provide the basis supporting the claimed relief with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Here, judgment in Defendants' favor is warranted and Plaintiff's allegations fail because they contain nothing more substantial than a statement of facts creating a suspicion of a legally cognizable right of action and fail to contain facts making the claim plausible on its face. *Id.*, 127 S.Ct. at 1974.

## II. The Eccles Affidavit Does Not Violate The FDCPA Because It Is Not False Or Misleading

The essence of Plaintiff's first claim is that the "affidavits in the form of Exhibit A are false" because the NCO employees were "not qualified to testify about the computer records of LVNV…or the procedures used by LVNV to generate computer records". *Plaintiff's Response, page 2-3; page 6*. The only allegedly false statement contained in the affidavit consists of Ms. Eccles' statement that she was qualified to testify about the other true statements contained

in the affidavit. In other words, Plaintiff argues that the Eccles affidavit was inadmissible, and therefore false. Plaintiff then submits a lengthy discussion to support the proposition that Ms. Eccles "cannot testify to the contents of records she looked at". *Plaintiff's brief, page 10.*

Plaintiff incorrectly attempts to equate inadmissible with false. This sleight of hand should not distract the Court from the issue raised, which is not whether the testimony was admissible. Instead, the pertinent issue is whether the affidavit was false in violation of the FDCPA. As acknowledged by Plaintiff, to establish a *prima facie* FDCPA violation, the affidavit submitted in the prosecution of a collection lawsuit must be false or misleading. *Plaintiff's brief, page 5.* In this case, there can be no objectively reasonable dispute that the affidavit was true and accurate.

Defendants' motion definitively established the flaw in Plaintiff's allegation, because under Illinois law, Ms. Eccles was competent and qualified to testify about the records she reviewed from LVNV. *See, e.g., Champaign National Bank v. Babcock*, 273 Ill.App.3d 292, 298 (4th Dist. 1995) (holding that under Illinois law a witness is qualified and competent to testify to information set forth in business records reviewed by the witness); and *Argueta v. Baltimore & Ohio Chicago Terminal R.R. Co.*, 224 Ill.App.3d 11, 21, 166 Ill.Dec. 428, 434, 586 N.E.2d 386, 392 (Ill. App. 1st Dist. 1991) (holding that a witness can testify to business records prepared by a third party authorized to generate the records on behalf of that business). Because Ms. Eccles had the necessary competency and

qualifications to offer the testimony, there are no false statements contained in the affidavit.

It is significant to note that Eccles' affidavit was made with authority and upon review of LVNV's business records, the party that was prosecuting the collection lawsuit. *See Eccles Affidavit,* ¶ ¶ *1-2*. On several occasions, Plaintiff suggests that the Eccles Affidavit offered testimony that the affiant had reviewed records from the original creditor. *Plaintiff's brief, page 9; page 12*. This is a clear misreading of the Eccles Affidavit, which states that it was based on the affiant's review of LVNV's records[1]. *Eccles Affidavit,* ¶ *3*.

Likely recognizing the futility of her claim, Plaintiff now wants to divert this Court to engage in an analysis about the admissibly of the proffered testimony. Plaintiff relies on a litany of cases from foreign jurisdictions applying their state's rules of evidence to demonstrate that Eccles' proposed testimony would be inadmissible hearsay under Illinois' rules of evidence. *Plaintiff's brief, page 11*. The Court should resist Plaintiff's invitation to wander down this road because the only issue germane to the instant motion is whether the statement that Ms. Eccles had the competency and ability to "testify at trial" is false. The undeniable conclusion to this query is that under Illinois law, Ms. Eccles was able to offer testimony about the contents of records from LVNV that she reviewed. *Champaign National Bank*, 273 Ill.App.3d at 298; *Argueta*, 224 Ill.App.3d at 21.

---

[1] Plaintiff's brief references an Appendix A that allegedly contains "examples of affidavits". *Plaintiff's brief, page 9*. There was no Appendix or exemplar affidavits attached to Plaintiff's brief.

Moreover, assuming *arguendo* that Ms. Eccles' testimony was not admissible as an exception to the hearsay rule, Plaintiff's claim still fails as a matter of law. The FDCPA is not violated by the filing of an affidavit that might be inadmissible when that affidavit is otherwise accurate and fair. *Olvera v. Blitt & Gaines*, 431 F.3d 285, 287 (7th Cir. 2005); *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Foreman v. PRA III, LLC*, 2007 WL 704478, *14 (N.D. Ill. 2007) (holding that "the fact that an affidavit constitutes inadmissible evidence does not necessarily render the affidavit 'false' or 'misleading' within the meaning of the FDCPA"). The above cases make clear that Plaintiff's suggestion that inadmissible testimony equals false testimony is wrong. Without more, such as an indication that the affidavit was confusing, misleading or deceptive, being inadmissible does not make the affidavit false in violation of the FDCPA. Therefore, Plaintiff's claim predicated on the Eccles Affidavit, which is accurate and fair, fails as a matter of law and judgment should be entered in favor of Defendants.

### III. NCO Did Not Engage In The Unauthorized Practice Of Law Under Illinois Law

Illinois law is clear that the unauthorized practice of law occurs only when the defendant represents herself as an attorney or otherwise acts negligently. *Blair v. Supportkids, Inc.*, 222 F.Supp. 1038, 1045 (N.D. Ill. 2002). In an attempt to save her unauthorized practice of law claim in this case, Plaintiff again relies on several foreign jurisdictions to prop up a claim that is not recognized in Illinois.

The cases cited by Plaintiff do not support her argument because those cases universally held that the putative FDCPA violation for unauthorized practice of law claim is established only when state law is first violated. *See Poirier v. Alco Collections, Inc.*, 107 F.3d 347 (5th Cir. 1997) (collection agency filing suit constituted unauthorized practice of law under Louisiana state law, so filing violated FDCPA); *Jones v. Vest*, 200 U.S. Dist. LEXIS 18413 (E.D. Va. 2000) (FDCPA was violated by collection agency's involvement in causing collection lawsuits to be filed in violation of Virginia state law against unauthorized practice of law); *Marchant v. U.S. Collections, Inc.*, 12 F.Supp. 1001 (D. Ariz. 1998) (violation of Arizona state law related to the unauthorized practice of law by debt collector's lay employee in preparing and filing garnishment writs violated FDCPA); *Withers v. Eveland*, 988 F.Supp. 942, 946 (E.D. Va. 1997) (evidence of threat to file suit by collection agency constituted unauthorized practice of law under Virginia state law, which specifically did not allow non-attorneys to make threats of filing suit, used to establish FDCPA violation); *Kolker v. Duke City Collection Agency*, 750 F.Supp. 468, 470 (D. N.M. 1990) (debt collectors' practice of bringing suits to collect debts constituted unauthorized practice of law under New Mexico law and therefore violated the FDCPA). In this case, Plaintiff's claim fails because there is no allegation that Defendant NCO engaged in the unauthorized practice of law in Illinois by representing itself as an attorney or acting negligently. *Blair*, 222 F.Supp at 1045.

The cases cited by Plaintiff stand for the proposition that an FDCPA claim predicated on the unauthorized practice of law, when recognized, has as a condition precedent a violation of the state law. In this case, Plaintiff alleges that Defendant NCO engaged in the unauthorized practice of law in Illinois merely by stating on its web site that it "'designs and implements' legal strategies and engaged in 'managing legal resources'". *Plaintiff's brief, page 15.* There is no allegation that NCO represented itself as an attorney or otherwise acted negligently, as required to state a claim in Illinois for the unauthorized practice of law. *Blair*, 222 F.Supp. at 1045. Plaintiff's FDCPA claim must fail because the alleged actions do not first violate Illinois law related to the unauthorized practice of law.

Moreover, granting that NCO engaged in the practice of law in Illinois for purposes of this motion, such actions are not "cognizable under the FDCPA" because the unauthorized practice of law "is the province of state bar associations and state courts." *Bass v. Arrow Financial Services, L.L.C.*, 2002 WL 1559635, *3 (N.D. Ill. 2002). The authority relied on by Plaintiff that concluded otherwise are inapposite to this case because they do not involve claims considering Illinois law.

### IV. The Eccles Affidavit Does Not Conceal The Identity of the Company Engaged In The Collection Activities

The preparation of the affidavit by Ms. Eccles as an agent of LVNV did not involve the use of a false, deceptive or misleading name in violation of §

1692e(14) of the FDCPA. Plaintiff argues that NCO improperly communicated with a debtor by submitting the Eccles Affidavit without disclosing that Eccles was employed by NCO, thereby fraudulently concealing the role of NCO in attempting to collect the debt. *Plaintiff's brief, page 9*. Left unstated by Plaintiff is how this "concealment" could be objectively confusing to the least sophisticated consumer as required to support a claim under § 1692e. *Miller v. Wolpoff & Ahramson, L.L.P.*, 471 F.Supp.2d 243, 249 (E.D. N.Y. 2007). The reason for this omission is clear - the affidavit fairly and accurately discloses the name of the business engaged in collecting the debt, LVNV Funding.

§ 1692e(14) is intended to provide the true name of the debt collector to avoid misleading or deceiving the consumer. *Anthes v. Transworld Systems, Inc.*, 765 F.Supp 162, 172 (D. Del. 1991). To state a viable claim under § 1692e(14), the name being used must be false, deceptive or misleading. *Todd v. Capital One Financial Corp.*, 2007 WL 3306097, *3 (W.D. Ky. 2007). Plaintiff apparently attempts to meet this burden by asserting that NCO, as the company that prepared the affidavit, needed to be identified. Plaintiff cites no authority for such a proposition. In fact, the cases relied upon by Plaintiff confirm that a communication complies with the FDCPA when it properly discloses the business as a debt collector. *See Masciarelli v. Richard J. Boudreau & Associates*, LLC, 529 F.Supp.2d 183, 186 (D. Mass. 2007) (failure of business to identify itself as a debt collector was a violation of the FDCPA); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Cal. 2005) (FDCPA violation occurred

when employee failed to disclose Defendant's identity as a debt collector). Here, LVNV was accurately disclosed as the business engaged in collecting the debt, satisfying the requirements of § 1692e(14). *Anthes*, 765 F.Supp. at 172.

There are no allegations that NCO owned this debt, or was otherwise prosecuting the collection action. The Affidavit leaves no doubt that the collection lawsuit was brought on LVNV Funding's behalf. The true name of the debt collector was provided – LVNV Funding, LLC. LVNV Funding was the name of the company collecting the debt and on whose behalf the collection case was being prosecuted. *See Plaintiff's Complaint, ¶ 15*.

To require NCO to be named along with LVNV for preparing an affidavit would lead to outrageous results. Taken to the logical, yet extreme end, if Plaintiff's argument is sanctioned by this Court, then collection counsel utilizing commercially available forms in preparation of lawsuits would need to disclose the author of that form as an additional party to the litigation. Clearly § 1692e(14) is not intended to require such a strict and superfluous disclosure. Instead, § 1692e(14) is satisfied when the name of the business doing the collection is accurately disclosed. *Anthes*, 765 F.Supp. at 172. There is nothing false, deceptive or misleading about an affidavit drafted by an agent of the debt owner in furtherance of that debt owner's prosecution of a collection lawsuit. *See Weinstein v. Fink*, 2001 WL 185194, *5 (N.D. Ill. 2001) (holding that the "FDCPA does not require a debt collector to be named as a plaintiff in a collection action where the debt collector neither owns the debt, nor prosecutes the lawsuit.")

Here, Plaintiff's analysis of the Eccles Affidavit is a clear attempt to impose liability for a bizarre and idiosyncratic interpretation of a collection communication that cannot reasonably be construed as either false or misleading. *Miller*, 471 F.Supp.2d at 249.

### V.   Conclusion

WHEREFORE, Defendants NCO Financial Systems, Inc. and LVNV Funding LLC respectfully pray that this Honorable Court enter judgment on the pleadings in their favor and against Plaintiff pursuant to Federal Rule of Civil Procedure 12(c), for the reasonable attorney fees incurred and all other just and equitable relief.

Respectfully Submitted,

By: */s/ James K. Schultz*
Attorney for Defendants

James K. Schultz
Shannon M. Geier
SESSIONS, FISHMAN, NATHAN & ISRAEL OF ILLINOIS, LLC
1000 Skokie Boulevard, Suite 430
Wilmette, IL  60091
Telephone:  (847) 853-6100
Facsimile:  (847) 853-6105
E-Mail:      jschultz@sessions-law.biz
             sgeier@sessions-law.biz

**Of Counsel:**

David Israel
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail:    disrael@sessions-law.biz

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY SYPNIEWSKI | ) | |
| | ) | |
| Plaintiff, | ) | Judge Gettleman |
| | ) | |
| -vs- | ) | Case No.: 08 C 0239 |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. and LVNV FUNDING LLC, | ) ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2008, a copy of the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Daniel A. Edelman
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 South LaSalle Street
    18th Floor
    Chicago, Illinois 60603
    (866) 339-1156

    David M. Schultz
    Todd P. Stelter
    HINSHAW & CULBERTSON LLP
    222 North LaSalle Street
    Suite 300
    Chicago, Illinois 60601

                                       */s/ James K. Schultz*
                                         Attorney for Defendants